# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES EGAN GAINES,

    Plaintiff,

v.                                       Case No.  8:13-CV-2497-30EAJ

BRAD STUEBE, MANATEE
COUNTY SHERIFF,

    Defendant.
_____/

## ORDER

Plaintiff, a prisoner detained in the Manatee County Jail, Palmetto, Florida, and proceeding *pro se*, initiated this cause of action by filing a Civil Rights Complaint Form (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a lenient construction, *Haines v. Kerner*, 404 U.S. 519 (1972), the *pro se* complaint must be dismissed.

In his complaint, Plaintiff sues Brad Stuebe, the Sheriff of Manatee County, Florida. Plaintiff alleges that Defendant's employee was negligent in failing to remove water that was on the floor and caused Plaintiff to slip, fall, and injure himself.

The complaint alleges only a cause of action for negligence under Florida law. Therefore, this Court lacks subject-matter jurisdiction over Plaintiff's complaint.[1]

Further, to the extent Plaintiff intended to bring his complaint pursuant to 42 U.S. C. § 1983, Plaintiff's claim is insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Accordingly, the Court **ORDERS** that:

1. The civil rights complaint (Dkt. 1) is **DISMISSED** for lack of jurisdiction.

2. The motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3. The Clerk shall enter a judgment against Plaintiff and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*

---

[1] *See Laurent v. Herkert*, 196 Fed. Appx. 740, 743 (11th Cir. 2006) ("In order to have subject matter jurisdiction, a district court must be able to exercise either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332."). No diversity jurisdiction exists because the parties are not citizens of different states. 28 U.S.C. § 1332(a)(1). No federal question jurisdiction exists because the action does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.